**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**NEWARK, NJ 07101**<br>**973-645-3827** |

**Not for Publication**

LETTER OPINION AND ORDER

June 22, 2011

**VIA CM/ECF**
All counsel of record

  Re:  **White v. The State of New Jersey, et al.**
      **Civil Action No. 09-4802 (SRC)**

Dear Counsel:

  This matter comes before the Court on Plaintiff's Motion to Compel. (Docket No. ("Doc. No." 36.)) For the reasons set forth below, Plaintiff's motion is granted in part and denied without prejudice in part.

**I.**   **Background**

  The parties are well-versed in the facts in this matter, and as such, the Court will not set forth the facts herein.

**II.**   **Discussion**

  Federal Rule of Civil Procedure 26 defines the methods, scope, limits and process of discovery. Rule 26(b)(1) provides that, for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. "Courts have construed this rule liberally, creating a broad vista for discovery 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Tele-Radio Sys. Ltd.*

*v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). In interpreting Rule 26(b)(1), district courts must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While broad, discovery is not boundless. Rule 26(b)(2) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. The Third Circuit recognized this power stating that, "[a]lthough the scope of discovery under the Federal Rules is . . . broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Specifically, the rules provide that the frequency or extent of discovery otherwise permitted by the rules shall be limited by the court if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court will address each of Plaintiff's requests in turn.

  A. <u>Plaintiff's Request for Production of Defendant Schenck's Work E-mail Messages</u>

Plaintiff requests production of all incoming and outgoing e-mail messages from Defendant Schenck's Department of Corrections ("DOC") e-mail account for the period of October 2007 through December 2007 and October 2008. Plaintiff also requests a certification of the person who searched for and provided the aforementioned e-mail messages.

Defendants agreed to: (a) provide a declaration from a DOC IT professional explaining his role in restoring the e-mail messages and any limitations to the DOC's e-mail system; (b)

have a second DOC employee search the available e-mail messages for information relating to any of the allegations in Plaintiff's complaint; (c) require the DOC employee who searched the e-mail messages to provide a declaration stating the limiting instructions and detailing exactly how the search was performed; and (d) provide the declarations and copies of any relevant e-mail messages.

The Court has considered the positions of counsel and finds Plaintiff's request for *all* incoming and outgoing e-mail messages overly broad and burdensome in light of the Rule 26(b)(2)(C) factors. Instead, the Court finds Defendants' proposal reasonable. Therefore, the Court grants in part Plaintiff's request to compel incoming and outgoing e-mail messages, subject to the procedures proposed by Defendants. The Court denies without prejudice Plaintiff's request for *all* e-mail messages.[1]

B.   Plaintiff's Request for Recent Photographs

Plaintiff requests that Defendants provide the most recent photographs of Gerard Schenck, Dominick Iantorno, Edwin Rodriguez, James Williams, Robert Trent, Michael Floyd, James Couro, Richard Tattoli and Clinton White. According to Plaintiff, inmates were not permitted to get close enough to officers to read their names tags. However, Plaintiff may recognize the officers when shown their photographs.

Defendants agreed to produce photographs of the named Defendants but requested permission to include random photographs of other corrections officers. Defendants note that the Court agreed to the proposal during a March 1, 2011 telephone status conference.

---

[1] On April 1, 2011, Defendants' counsel indicated that he submitted the declarations from two DOC officials and two responsive e-mail messages. (Doc. No. 39.) Therefore, the Court considers this issue moot.

The Court finds Defendants' proposal reasonable. Therefore, the Court grants Plaintiff's request for recent photographs. Defendants shall serve the requested photographs along with no more than nine (9) random photographs by **July 6, 2011**.

      C.      <u>Plaintiff's Request for Production of Gang Meeting Reports</u>

Plaintiff seeks production of gang meeting reports. Defendants agreed to the production of the reports pursuant to the following procedures: (a) a DOC Special Investigations Division ("SID") officer shall conduct a diligent search of the records and retrieve all gang meeting reports from Mountainview Prison from May through November 2007; (b) the SID officer shall submit a declaration which confirms the completion of the search and provides that the reports comprise everything that is available from the relevant time period; (c) Plaintiff's counsel shall be offered the opportunity to view the reports without taking notes of, documenting or copying the documents; and (d) any discoverable information shall be produced to Plaintiff's counsel with any irrelevant information redacted prior to submission.

The Court notes that on April 1, 2011, Defendants' counsel indicated that DOC officials advised that they were unable to locate any copies of gang meeting reports for the May through November 2007 time period. (Doc. No. 39.) On June 12, 2011, Defendants' counsel asserted that while there previously:

> appeared to be a problem with locating a particular set of documents for discovery - gang meeting reports from Mountainview Youth Correctional Facility from May to November 2007 - promoting plaintiff's counsel to improperly file a spoliation-of-evidence motion - defendants have since clarified that misunderstanding to plaintiff and it now appears that no issue of spoliation ever existed, and all discoverable evidence owed to plaintiff was already produced.

(Doc. No. 42.) However, Plaintiff's counsel indicated in his June 21, 2011 correspondence that he did not withdraw the within motion to compel. (Doc. No. 45.)

The Court finds that the requested discovery is relevant to Plaintiff's claims. In addition, the Court finds Defendants' proposal reasonable. Therefore, the Court grants Plaintiff's request for production of gang meeting reports, subject to the procedures set forth by Defendants. Based on the foregoing, the Court orders Defendants to conduct another search for responsive documents and to comply with the procedures set forth above by **July 13, 2011**. If Defendants cannot locate any documents responsive to the request, they shall serve a declaration which states that there are no documents responsive to the request. The declaration shall also set forth the procedures utilized for the first and the subsequent search for responsive documents.

      D.      <u>Plaintiff's Request for Production of Defendant James Williams's E-Mail Messages</u>

Plaintiff requests Defendants to produce incoming and outgoing e-mail messages from Defendant Williams's DOC e-mail account from October 2007 through the conclusion of the SID Report of October 2008 and a certification of the individual who searched for and provided the e-mail messages. Plaintiff asserts that James Williams testified at his deposition on February 9, 2011 that he sent e-mail messages regarding the investigation into this matter. In addition, Williams testified that he sent e-mail messages about gang meetings he conducted. The e-mail messages scheduled meetings and forwarded reports from the meetings. Defendants note that the Court denied Plaintiff's request during the March 1, 2011 conference as overly broad and burdensome and assert that Plaintiff's renewed demand should be denied.

5

The Court finds Plaintiff's request for the production of *all* of James Williams's e-mail messages overly broad and burdensome considering the Rule 26(b)(2)(C) factors. Therefore, the Court denies without prejudice Plaintiff's request for the production of *all* of James Williams's e-mail messages from October 2007 through October 2008.

However, the Court finds that any e-mail messages to or from James Williams regarding the investigation into this specific matter should be produced. Therefore, the Court grants Plaintiff's motion with respect to any e-mail messages regarding the investigation into this matter. Defendants shall utilize the same procedures they agreed to utilize with respect to Defendant Schenck's e-mail messages. Specifically, Defendants shall: (a) provide a declaration from a DOC IT professional which explains his role in restoring the e-mail messages and any limitations to the DOC's e-mail system; (b) have a second DOC employee search the available e-mail messages for any information relating to the investigation into this specific matter; (c) require the DOC employee who searched the e-mail messages to provide a declaration stating the limiting instructions and detailing exactly how the search was performed; and (d) provide the declarations and copies of any relevant e-mail messages. Defendants shall serve the declarations and responsive e-mail messages by **July 13, 2011**.

### III.  Conclusion

After having carefully considered the positions of counsel, for the reasons set forth above and for other good cause shown, it is **ORDERED**:

1. Defendants shall produce the photographs of Gerard Schenck, Dominick Iantorno, Edwin Rodriguez, James Williams, Robert Trent, Michael Floyd, James Couro,

       Richard Tattoli, Clinton White and not more than nine (9) random photographs by **July 6, 2011**.

2. Defendants shall produce the gang meeting reports and a declaration relating to same or a declaration providing that there are no documents responsive to the request (subject to the procedures set forth above) by **July 13, 2011**.

3. Defendants shall produce the declarations and e-mail messages responsive to Plaintiff's request for Defendant Williams's e-mail messages by **July 13, 2011**.

4. The remaining discovery-related deadlines shall be set forth in a separate order.

                                          s/ Michael A. Shipp
                                          **HONORABLE MICHAEL A. SHIPP**
                                          **United States Magistrate Judge**