**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MICHAEL A. SHIPP**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

**Not for Publication**

LETTER OPINION AND ORDER

June 28, 2012

**VIA CM/ECF**
All counsel of record

    Re:    **White v. The State of New Jersey, et al.**
              **Civil Action No. 09-4802 (SRC)(MAS)**

Dear Counsel:

    This matter comes before the Court on application of Paula T. Dow, Attorney General of New Jersey, by Daniel M. Vannella, Deputy Attorney General, appearing on behalf of Defendants State of New Jersey, New Jersey Department of Corrections ("NJDOC"), Mountainview Youth Correctional Facility ("MYCF"), George Hayman, Larry Glover, Gerard Schenck, Edwin Rodriguez, Dominick Iantorno, Robert Trent, James Williams, Michael Floyd, James Coiro, Richard Tattoli, and Clinton White (collectively "Defendants") for the entry of an Order pursuant to Local Civil Rule 5.3(c) sealing documents related to this matter. ("Motion to Seal") (Docket Entry Number ("Doc. No.") 57).)[1] Plaintiff Dashaun White ("Plaintiff") opposes Defendants' motion. (Doc. No. 60 ("Pl.'s Opp'n Br.").) For the reasons expressed below, Defendants' Motion to Seal is denied without prejudice. However, the documents at issue shall

---

[1] Defendants filed a Local Civil Rule 7.1 (d)(4) statement instead of a moving brief and set forth the 5.3(c) factors in the Declaration of Daniel M. Vannella. ("Vannella Decl.")

remain temporarily sealed in order to afford Defendants the opportunity to narrowly tailor the scope of the proposed redactions in accordance with the Court's instructions, as set forth below.

## I. SUMMARY OF FACTS

All parties are well-versed in the underlying facts of this litigation. As such, the Court will spend only a few moments on those facts relevant to the instant motion. This matter concerns an alleged assault of Plaintiff by his fellow inmates at MYCF on October 29, 2007. (Vannella Decl. ¶ 4.) Defendants seek to keep the following categories of documents under seal: (i) documents produced or obtained during the NJDOC Special Investigations Division's ("SID") investigation of the incident; (ii) documents relating to internal security procedures of MCYF; (iii) documents relating to personal information and identifiers of inmates and private individuals; and (iv) documents containing confidential personal information, including social security numbers. (*Id.*) Specifically, Defendants seek relief to file under seal the following documents: (i) Declaration of Daniel M. Vannella, Exs. A-S; (ii) Declaration of Samuel Wise, Exs. A-D; (iii) Declaration of Karin Burke, Exs. A-D; (iv) Declaration of Omayra Ortega; (v) Declaration of Gerri Dilts and exhibits; (vi) Declaration of Robert Trent; (vii) Brief for Defendants in support of their motion for judgment on the pleadings and/or summary judgment; and (viii) Statement of Material Facts for Defendants, as it relates to their motion for summary judgment. (*Id.* at ¶ 9.)

Defendants emphasize that the Parties entered into a Confidentiality Order on October 14, 2010 (*See* Doc. No. 20) and contend that the aforementioned materials are subject to the Order. (Vannella Decl. ¶ 6.) Further, Defendants assert that there is no less restrictive means available because Plaintiff will have or already has access to the materials. (*Id.* at ¶ 10-11.) Finally, Defendants argue that Plaintiff "fails to provide any argument as to why the sensitive information

impacting a large number of non-party individuals . . . no longer deserves to be protected from public purview." (Doc. No. 68 ("Defs.' Reply Br.") 11-12.)

Plaintiff, on the other hand, contends that there is no legitimate private or public interest that would warrant withholding such materials from the public. (Pl.'s Opp'n Br. 4.) Additionally, Plaintiff submits that judges should only seal entire court records when required under an applicable statute or "justified by a showing of extraordinary circumstances." (Doc. No. 64 ("Pl.'s Suppl. Opp'n Ltr.") 1.)

## II. LEGAL STANDARD & ANALYSIS

Before this Court can grant a party's request to file a document under seal, the party seeking the relief must first demonstrate that "good cause" exists for sealing the document. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). To determine whether good cause exists, this Court shall consider the factors outlined under Local Civil Rule 5.3(c)(2): "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." The moving party "'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking'" to seal the materials at issue. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

In making the decision as to whether sealing is appropriate, this Court may consider the following factors:

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). However, these factors "are neither mandatory nor exhaustive." *Id.* Ultimately, the Court has discretion to "evaluate the competing considerations in light of the facts" surrounding the specific case. *Pansy*, 23 F.3d at 789 (quoting Arthur R. Miller, *Confidentiality, Protective Orders & Public Access to the Courts*, 105 Harv. L. Rev. 427, 492 (1991)).

After reviewing the materials that Defendants seek to seal[2], this Court finds that Defendants' request is overly broad and is not the least restrictive alternative, as required by Local Civil Rule 5.3(c). While it may be reasonable to redact information produced subject to the Confidentiality Order, such as the names of certain officers and inmates, the Court finds that Defendants' request to seal the entirety of numerous documents is overly restrictive. In sum, while portions of the documents may be appropriate for sealing, there are clearly portions that do not warrant such action.

After careful consideration, the Court finds that Defendants' Motion to Seal fails to meet the standards of Local Civil Rule 5.3(c) because Defendants fail to explain why their interests cannot be adequately served by sealing more narrowly tailored portions of the documents. *See,*

---

[2] For example, Defendants seek to seal the fact that a certain NJDOC employee "did not ever serve as an Administrator . . . prior to January 28, 2008." (Doc. No. 58-1 ("Defs.' Stmt. of Mat. Facts") ¶ 92.)

*e.g., Houston v. Houston*, No. 08-5530, 2010 U.S. Dist. LEXIS 59028, at *4 (D.N.J. June 14, 2010). Thus, this Court denies Defendants' Motion to Seal without prejudice. The Court will, however, leave the subject documents currently sealed, pending this Court's review and consideration of Defendants' submission of a narrower and less restrictive request. Defendants' application should include a set of documents with specific redactions that are limited and narrowly tailored to redact only that information which satisfies the Rule 5.3 (c) standards. In addition, Defendants should specifically state why the sealing is necessary and/or appropriate pursuant to the Rule 5.3 (c) factors.

### III.  CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS ORDERED THAT:**

1. Defendants' Motion to Seal pursuant to Local Civil Rule 5.3 is denied without prejudice. However, the documents at issue will remain temporarily sealed pending the Court's review and consideration of the supplemental submissions.

2. By **July 13, 2012**, Defendants shall file a more narrowly tailored request, which satisfies the provisions of Local Civil Rule 5.3(c).

3. Plaintiff may file a response to Defendants' submission by **July 27, 2012**.

_____
**HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE**